

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625-0116

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

February 28, 2023

**VIA CM/ECF**
The Honorable Leda D. Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:   **Shaporov, Alexander v. SONJ, et al.**
             **Civil Action No. 22-01150 (EP/LDW)**

Dear Judge Wettre:

      The undersigned represents Defendants State of New Jersey, Palisades Interstate Parkway Commission, Palisades Interstate Parkway Police Department, and PIPPD P.O. Matthew Levine Badge No. 366, PIPPD Sgt. Gregory D. Kimbro, Jr. Badge No. 368; PIPPD P.O. Timothy Conboy Badge No. 393; PIPPD P.O. Peter Wojcik Badge No. 406; and PIPPD P.O. Scott Bilotti, Badge No. 413 (collectively, "State Defendants") in the above-captioned matter.

      On July 8, 2022, State Defendants filed a Motion to Dismiss Plaintiff's Complaint. See ECF No. 17. The motion was granted in part and denied in part by Judge Evelyn Padin on January 11, 2023. See ECF No. 35, 36. The Court also permitted Plaintiff to file an Amended Complaint within 30 days, by February 11, 2023. Id. Plaintiff did not do so, and confirmed during the February 23, 2023 status conference, that Plaintiff will rely on the Complaint as is to continue pursuing the remaining claims not dismissed by the January 11, 2023 court order.



HUGHES JUSTICE COMPLEX • TELEPHONE: 609-815-2982 • FAX: 609-633-7434
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

At the status conference, I informed Your Honor that I was waiting for the Amended Complaint to potentially file an Answer or another motion. But if Plaintiff does not plan on filing an Amended Complaint, then I will file an Answer on behalf of the State Defendants within two weeks. As such, the Court entered an Amended Scheduling Order allowing State Defendants two weeks to file an Answer by March 9. See ECF No. 39.

However, as I was re-reading Judge Padin's Opinion to prepare the Answer to Plaintiff's Complaint, I realized that more claims against the State Defendants can be dismissed now that the pleadings stage has closed. As such, State Defendants request permission from the Court to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). This motion will also help limit discovery by dismissing parties and claims that are fully barred or precluded.

The Court dismissed Defendants Palisades Interstate Parkway Commission and Palisades Interstate Parkway Police Department, along with the official capacity claims against the individual officers pursuant to Eleventh Amendment sovereign immunity. See ECF No. 35, p. 9, 16. The Court noted that the State Defendants did not move to dismiss Plaintiff's claims against Defendant State of New Jersey. As the same Eleventh Amendment sovereign immunity applies to the State, the State Defendants seek permission to dismiss the State as a matter of law under Rule 12(c).

Additionally, the Court discussed Plaintiff's "Sixth Claim" in the Complaint alleging Monell liability. The Court stated that Monell claims are not applicable to States and arms of the State, like the State Defendants here. See ECF No. 35, p. 8. So, the State Defendants seek permission to dismiss the Sixth Claim in Plaintiff's Complaint as a matter of law under Rule 12(c).

Furthermore, Plaintiff's prayer for relief requests injunctive relief "against Defendants from engaging in each of the unlawful practices and polices set forth herein." The Court stated that Plaintiff lacks standing to bring a claim for prospective injunctive relief. See ECF No. 35, p. 12. Thus, the State Defendants seek permission to dismiss Plaintiff's injunctive relief claim(s) as a matter of law under Rule 12(c).

Lastly, the Court noted in footnote 3 that Plaintiff's Complaint may be deemed a "shotgun pleading." See ECF No. 35, p. 15. State Defendants seek permission dismiss Plaintiff's Complaint as a matter of law as the Complaint fails to vault the federal pleading standard prohibiting group pleadings. Plaintiff's ten claims asserted against all the State Defendants do not allege facts for each defendant's individual liability. Therefore, the Complaint, as it stands, contains conclusory statements

February 28, 2023
Page 3

against multiple defendants, some defendants who are now dismissed, without specifying what each defendant may be responsible for.

    While the Court decides whether to grant permission for the State Defendants' to file a motion under Rule 12(c), the State Defendants' request the March 9 deadline for the Answer be stayed.  If the State Defendants are granted permission to file the motion, State Defendants request the Court to provide a filing deadline or briefing schedule to avoid additional letters.  I thank Your Honor for your time and attention to this matter.  We will await the Court's instructions on how to proceed.

                Respectfully submitted,

                MATTHEW J. PLATKIN
                ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Barkha Patel
     Barkha Patel
     Deputy Attorney General
     NJ Attorney ID: 069652013

cc:    All counsel of record